PNC Bank, N.A. v Lefkowitz (2020 NY Slip Op 04331)





PNC Bank, N.A. v Lefkowitz


2020 NY Slip Op 04331


Decided on July 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2016-13244
 (Index No. 35459/13)

[*1]PNC Bank, National Association, respondent,
v
Esther Lefkowitz, et al., defendants, Herschel Engel, etc., appellant.


Solomon Rosengarten, Brooklyn, NY, for appellant.
Sandelands Eyet LLP, New York, NY (William C. Sandelands of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Herschel Engel appeals from a judgment of foreclosure and sale of the Supreme Court, Rockland County (Gerald E. Loehr, J.), dated August 23, 2017. The judgment of foreclosure and sale, upon an order of the same court dated November 16, 2016, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Herschel Engel and for an order of reference, among other things, directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is affirmed, with costs.
As acknowledged by the appellant, the three points argued in his brief—i.e., that the plaintiff failed to establish its compliance with RPAPL 1304 as to the defendant Esther Lefkowitz, that the plaintiff failed to comply with the notice requirements contained in the mortgage instrument, and that the affidavit of the plaintiff's mortgage officer, Dorothy J. Thomas, was deficient because she failed to state that she was familiar with the record-keeping practices and procedures of the plaintiff's predecessor in interest—are all raised for the first time on appeal. Contrary to the appellant's contention, these issues are not properly before this Court (see OneWest Bank N.A. v Rey, 177 AD3d 990, 992; U.S. Bank N.A. v Wiener, 171 AD3d 1241, 1242; Bank of Am., N.A. v Tobin, 168 AD3d 661, 664; Waterfall Victoria Master Fund, Ltd v Dingilian, 92 AD3d 593, 594).
Accordingly, the judgment of foreclosure and sale should be affirmed.
CHAMBERS, J.P., COHEN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court